UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY WRIGHT,

    Plaintiff,

v.

SANDRA CARTER, *et al.*,

    Defendants.

Case No. C07-5351 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: December 21, 2007**

Presently before the Court is the motion to dismiss of Defendants Sandra Carter, D. Heaward and Jay Jackson. (Dkt. # 11). Defendants claim that Plaintiff is collaterally estopped from asserting exhaustion of administrative remedies as he has previously failed to demonstrate exhaustion and there has been no material change in the facts regarding that issue. (*Id.*).

In support of their motion, Defendants submit this Court's previous Order and Judgment in Case No. 06-5151RJB (Dkt. # 11, Exh. 1, 2) and the Declaration of Cherrie S. Kollmer (with Plaintiff's grievance summary) (*Id.*, Exh. 3, Attach. A). Plaintiff has responded. (Dkt. # 15). Defendants have replied. (Dkt. # 16).

After careful review of the motion, briefs, supporting declarations and documents, and balance of the record, and viewing the facts in the light most favorable to the Plaintiff, the undersigned recommends that the motion to dismiss be granted.

REPORT AND RECOMMENDATION - 1

# I. FACTUAL BACKGROUND

**A.     Procedural Background and Plaintiff's Allegations**

Plaintiff is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging that prison officials of the Clallam Bay Corrections Center (CBCC) discriminated against him because of his race. (Dkt. # 5). Plaintiff alleges that he was fired from his prison janitor job at CBCC in November 2005 because he is black. (*Id*.). This action is virtually identical to a case filed by Plaintiff in *Wright v. Carter*, Case No. C06-5151RJB (hereinafter referred to as "Wright I"). Wright I was dismissed without prejudice because Plaintiff failed to exhaust his prison grievance remedies as required by 42 U.S.C. § 1997e(a). (Dkt. # 36, 37 therein)[1].

The grievance summary provided by Defendants reflects that Plaintiff has not exhausted his prison grievance remedies concerning his racial discrimination claim. (Dkt. # 11, Exh. 3, Attach. A).

**A.     Plaintiff Is Barred By Collateral Estoppel From Establishing Exhaustion**

Under collateral estoppel, once a court has decided an issue of fact or law, that decision normally precludes relitigation of the issue in a subsequent action involving the parties or persons in privity with the parties to the first case. *Hydranautics v. Filmtec Corp*., 204 F.3d 880, 885 (9th Cir. 2000); *In Re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000). Collateral estoppel is appropriate when the following elements are met: 1) there was a full and fair opportunity to litigate the issue in the previous action; 2) the issue was actually litigated in that action; 3) the issue was settled as a result of a final judgment in that action; and 4) the person or persons against whom collateral estoppel is asserted in the present action were a party or were in privity with a party in the

---

[1] This Court may take judicial notice of its own files and records. *U.S. v. Author Svcs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986).

REPORT AND RECOMMENDATION - 2

previous action. Id. Privity exists when the rights of a non-party or a putative non-party "were represented and protected in the prior action". *Pedrina v. Chun*, 97 F.3d 1296, 1301-02 (9th Cir. 1996). The purpose of collateral estoppel is to limit the number of times a party can be vexed by a claim or issue and to promote efficiency in the judicial system by putting an end to litigation over a particular claim or legal issue. *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990).

Defendants argue that Plaintiff is collaterally estopped from establishing that he has complied with the exhaustion requirements of 42 U.S.C. § 1997e(a) with respect to his racial discrimination claim because the Plaintiff had a full and fair opportunity to litigate this issue in Wright I.

In Wright I, the Court found that Plaintiff filed a grievance concerning racial discrimination. (Dkt. # 11, Exh. 1, p. 5). CBCC investigated Plaintiff's grievance, but denied it after concluding that Plaintiff was not fired because of racial discrimination. (*Id.*). Plaintiff was informed that he could appeal to Level III by submitting a written appeal within two working days. (*Id*). Plaintiff claimed that he completed all levels of the grievance process and submitted a document as evidence. (*Id.*) Defendants alleged that Plaintiff had falsified the document to incorrectly reflect that the grievance process was complete. (*Id.*) Plaintiff admitted that he altered the document before submitting it to the Court, but merely for the purpose of enhancing the copy. (*Id.*, p. 6).

The Wright I Court did not find Plaintiff's arguments persuasive and adopted the reasoning of the Magistrate Judge in his Report and Recommendation as to why the document as altered by Plaintiff was internally inconsistent. (*Id.*, p. 6). In addition, the Wright I Court analyzed and rejected Plaintiff's claim that Defendants violated his due process and equal protection rights by not responding to his Level II complaint in a timely manner. (*Id.*, p. 6-7).

REPORT AND RECOMMENDATION - 3

The Wright I Court concluded that Plaintiff had failed to exhaust all available administrative remedies because he had not submitted evidence showing that he appealed his grievance to Level III.  (*Id*., p. 7).  The Court stated further that "[t]he issues raised by Plaintiff regarding violation of due process, violation of equal protection, and illegal discrimination are not properly before the Court at this time."  (*Id*.).  The Court then dismissed Plaintiff's case without prejudice.  (*Id*., p. 8).

In this case, Plaintiff argues that he attempted to exhaust his prison grievance remedies by filing his Level III grievance with the Department of Corrections (DOC) in March and April 2007 and that he has exhausted his remedies because his Level III grievance was not accepted because it was untimely. Plaintiff further argues that collateral estoppel is not appropriate because the issue in Wright I was "whether racial discrimination was used in the firing of the plaintiff" and this issue was never decided in Wright I which was dismissed without prejudice. (Dkt. # 15, p. 4). Plaintiff also argues that the "DOC should not be allowed to manipulate its administrative rules and disrupt administrative efficiency and order to prohibit Mr. Wright from exhausting his Level (III) three administrative appeal."  (*Id*., p. 5).

Plaintiff's Level II grievance response dated January 26, 2006, advised Plaintiff that he had two working days after receiving the response to appeal to level III. Plaintiff missed the deadline for filing his level III appeal by well over one year. (Dkt. # 15, Exh. B, C). Prisoners must exhaust their prison grievances consistent with the rules and timeframes of the prison and failure to do so precludes the inmate from filing a lawsuit in federal court:

> While requiring proper exhaustion serves the purposes of the PLRA, respondent's interpretation of §1997e(a) would make the PLRA exhaustion scheme wholly ineffective. The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the

REPORT AND RECOMMENDATION - 4

>prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Woodford v. Ngo*, 548 U.S. ___, 126 S. Ct. 2378, 2388 (2006).  Thus, the Supreme Court has rejected the argument that an inmate has complied with the exhaustion requirements of the PLRA by filing a late grievance or appeal that is properly rejected as untimely by prison officials under prison rules.  *Id*.

In addition, Plaintiff's argument that collateral estoppel does not apply to bar his action because the issue in Wright I was whether Plaintiff was discriminated against because of his race is not correct.  As noted above, the only basis for Defendants' motion to dismiss in Wright I was Plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).  (*See* Dkt. # 36 therein)[2].

Plaintiff did attempt to appeal his grievance to Level III after the conclusion of Wright I. However, that grievance was rejected as untimely by prison officials.  Therefore, Plaintiff has only pursued his prison grievance through Level II and is barred from appealing to Level III because he failed to file a timely appeal of the Level II response.

---

[2]Contrary to Plaintiff's belief, the Court's Order in Wright I did not instruct him to file a Level III complaint again.  Defendants urge the Court to count this matter as a strike under 28 U.S.C. § 1915 as a frivolous and/or malicious action, stating that Plaintiff acted less than honestly when he made this representation to prison officials.  At this time, the undersigned prefers to give Plaintiff the benefit of the doubt that the dismissal without prejudice left him with some confusion about his ability to attempt the appeal after Wright I was dismissed.

REPORT AND RECOMMENDATION - 5

These were the facts as they existed in Wright I when judgment was entered against Plaintiff.  (Wright I, Dkt. # 36, p. 7) ("Because Plaintiff has not submitted evidence showing that he appealed his grievance to Level III, Plaintiff has failed to exhaust all available administrative remedies.")   There has been no material change in the facts regarding exhaustion since entry of judgment in Wright I.  Accordingly, the undersigned recommends that dismissal with prejudice on collateral estoppel grounds is appropriate.

### III.  CONCLUSION

For the reasons stated above the court should **GRANT** Defendants' motion to dismiss (Dkt. # 21) and Plaintiff's Complaint (Dkt. # 5) should be **DISMISSED WITH PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 21, 2007**, as noted in the caption.

DATED this 20th  day of November, 2007.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6